McGREGOR W. SCOTT
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY JOSEPH HUGHES,<br><br>Defendant,<br><br>CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM<br>(and its Successors and Assignees),<br><br>Garnishee. | CASE NO. 2:18-MC-00086-TLN-CKD<br><br>**STIPULATION RE FINAL GARNISHMENT; AND ORDER THEREON**<br><br>[No Hearing Requested] |

Plaintiff United States and defendant Larry Joseph Hughes (collectively the Parties), hereby stipulate to a final resolution of the United States' pending garnishment action against Defendant as follows:

1. On May 30, 2018, the United States sought the instant continuing writ of garnishment against the monthly retirement payments the California Public Employees' Retirement System (CalPERS) pays to Defendant. ECF No. 1. The Clerk of Court issued the requested writ on June 1, 2018. ECF No. 2.

2. By its writ, the United States seeks to enforce the criminal monetary penalties the Court imposed against Defendant on June 18, 2015 in criminal case No. 2:14-cr-00329-TLN. CR ECF No. 24.

The Federal Debt Collection Procedures Act (the FDCPA) authorizes the United States to enforce unpaid judgments via a writ of garnishment. 28 U.S.C. §§ 3202(a) and 3205. The FDCPA further authorizes the United States to recover a ten percent litigation surcharge of the unpaid judgment if the United States commences an enforcement action such as the current garnishment proceeding. 28 U.S.C. § 3011(a). The United States' writ seeks recovery of the 10% surcharge in addition to the unpaid judgment balance, which balance was $129,658.24 at the time the United States sought this writ.

3. The United States served garnishee CalPERS with a copy of the writ, the acknowledgment of service and answer of garnishee (the Answer), and related documents on June 4, 2018. ECF No. 5.

4. The United States served Defendant with a copy of the writ and related documents on June 5, 2018. ECF No. 6. These documents advised Defendant, among other things, of his right to claim exemptions to the garnishment and request a hearing on his claims (28 U.S.C. §§ 3014(a) and (b)(2)), request a hearing to quash the writ (28 U.S.C. § 3202(d)), and object to CalPERS' Answer and request a hearing thereon (28 U.S.C. § 3205(c)(5)).

5. CalPERS served its Answer to the writ on Defendant and the United States on December 19, 2018. CalPERS filed its Answer the same day. ECF No. 8. The Answer acknowledges CalPERS received the continuing writ of garnishment on July 30, 2018, and states its pays Defendant a monthly non-exempt disposable annuity totaling $3,208.50. *Id*.

6. CalPERS has been withholding twenty-five percent (25%) of Defendant's non-exempt, disposable monthly retirement earnings since July 30, 2018. The 25% withholding amount comports with the Consumer Credit Protection Act's 25% garnishment cap on a debtor's non-exempt disposable earnings. 15 U.S.C. § 1673(a)(1), incorporated into the FDCPA at 28 U.S.C. §§ 3205(a) and 3002(9).

7. Following negotiations, the Parties have agreed to a resolution of this garnishment action and request that the United States Magistrate Judge approve the terms of their stipulation as set forth below. The Parties consent to the magistrate judge's jurisdiction pursuant to 28 U.S.C. § 636(c)(1), and, more specifically, confirm they hereby voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

8. The Parties further agree that beginning on July 1, 2019, Defendant will waive the 25% garnishment cap on his monthly retirement benefits in order to satisfy the unpaid judgment more quickly. Beginning on July 1, 2019, Defendant agrees to the garnishment of 31.75% of his monthly CalPERS benefits. In return, the United States will not seek the statutorily authorized 10% litigation surcharge in this garnishment case.

9. To implement their settlement, the Parties agree that the Court can and should enter an order as follows:

    A. Garnishing 25% of Defendant's non-exempt, disposable monthly CalPERS retirement benefits from July 30, 2018, the date CalPERS received the writ and has been withholding pending a final court order, plus any amounts due to him until June 30, 2019;

    B. Garnishing 31.75% of Defendant's non-exempt, disposable monthly CalPERS retirement benefits payable after July 1, 2019 until the judgment balance is fully paid or upon further court order; and

    C. Directing CalPERS to pay the garnishment amounts described above to the Clerk of the Court as stated more specifically in the accompanying order.

10. This is a continuing writ of garnishment against Defendant's CalPERS benefits, which shall remain in place until further court order. The Court shall retain jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

Respectfully submitted,

FOR THE UNITED STATES:

MCGREGOR W. SCOTT
United States Attorney

Dated: _6/3/2019_____, 2019      By:   /s/ Kurt A. Didier_____
                                                         KURT A. DIDIER
                                                         Assistant United States Attorney

FOR THE DEFENDANT:

Dated: _5/29/2019_____, 2019      By:   _/s/ Larry J. Hughes_____
                                                         LARRY J. HUGHES, an individual, in pro per

# **O R D E R**

The Court, having reviewed the court files and the Parties' Stipulation re Final Garnishment (the Stipulation), and good cause appearing therefrom, hereby APPROVES the Stipulation. Accordingly, IT IS ORDERED that:

1. The United States' application for a final order of continuing garnishment is GRANTED.

2. The California Public Employees' Retirement System (CalPERS) shall GARNISH defendant Larry Joseph Hughes' monthly non-exempt, disposable retirement earnings at the rate of 25% from each of his payments from July 30, 2018 through June 30, 2019.

3. Beginning on August 1, 2019, CalPERS shall GARNISH defendant Larry Joseph Hughes' monthly non-exempt, disposable retirement payments at the rate of 31.75% until the earlier of: Defendant's full payment of the judgment amount; further order of this Court; or when CalPERS no longer has custody, possession or control of any property belonging to Defendant.

4. CalPERS shall DELIVER, within twenty (20) days of the filing of this order, a cashier's check, money order or company draft in the sum of all amounts previously withheld by CalPERS pursuant to the writ of garnishment, made payable to the Clerk of Court. CalPERS shall also provide the United States a written accounting, by pay period, of the amounts withheld from Defendant's retirement payments during the period from service of the writ of garnishment to entry of this final order.

5. Following its payment of the withheld amount as stated in paragraph 4, above, CalPERS shall thereafter DELIVER, on a monthly basis, payments to the Clerk of Court consistent with this order. CalPERS shall NOTIFY the United States in writing, within 30 days, of any change: to the amount of Defendant's monthly retirement benefit; in Defendant's entitlement to the retirement payment; or affecting CalPERS' status as garnishee under this order.

6. This is a CONTINUING writ of garnishment against Defendant's CalPERS benefits, which shall remain in place until further court order. The Court shall RETAIN jurisdiction to resolve matters through ancillary proceedings in the case, if necessary.

7. All payments shall be made payable to the "Clerk of the Court" at the Office of the Clerk, United States District Court, Eastern District of California, 501 I Street, Suite 4-200, Sacramento, California 95814. CalPERS shall also state the docket number (Case No.: 2:14-cr-00329) on the

payment instrument and, if it desires a payment receipt, shall include a self-addressed, stamped envelope with the payment.

IT IS SO ORDERED.

Dated: June 5, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE